**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Goins, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2013-002277

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2014-UP-390
Submitted September 1, 2014 – Filed November 12, 2014

**AFFIRMED**

Michael Goins, pro se.

Deputy General Counsel Christopher D. Florian and Staff
Attorney Shanika Kenyetta Johnson, of the South
Carolina Department of Corrections, both of Columbia,
for Respondent.

**PER CURIAM:** Michael Goins appeals his inmate disciplinary action, arguing
the administrative law court (ALC) erred when it: (1) found he was afforded due
process, (2) found there was substantial evidence to support his disciplinary

conviction, (3) dismissed his appeal without allowing him to file a reply brief, and (4) affirmed his conviction when South Carolina Department of Corrections (SCDC) officials failed to follow their own policies and procedures in their handling of his charge. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in finding SCDC provided Goins due process as alleged in Issue (1), and whether the ALC erred in finding the record contained substantial evidence to support his disciplinary conviction as alleged in Issue (2): *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) ("[T]he [United States] Supreme Court held that due process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial." (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974))).

2. As to whether the ALC erred in dismissing his appeal without allowing him to file a reply brief as alleged in Issue (3), and as to whether the ALC erred in affirming his disciplinary conviction when SCDC officials failed to follow their own policies and procedures as alleged in Issue (4): *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 208 n.5, 712 S.E.2d 428, 433 n.5 (2011) ("[T]his Court has long enforced and relied upon issue preservation rules in administrative appeals."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560

S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.